# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ENTERED**
DEC 1 7 2004
U.S. DISTRICT COURT
ELKINS, WV 26241

**WILLIAM A. LARUE,**

Plaintiff,

v.   Civil Action No. 2:04cv15

**DR. DAVID PROCTOR,**

Defendant.

## REPORT AND RECOMMENDATION

On August 30, 2004, counsel for the defendant filed a Motion for Summary Judgment in the above-styled case. Thereafter, on September 2, 2004, the Court issued an Order advising the plaintiff of his right to file counter-affidavits or other responsive material and of the fact that his failure to so respond might result in the entry of summary judgment against him.

On September 13, 2004, the Court received a letter from the plaintiff in which he stated that he had not received a copy of the defendant's Motion for Summary Judgment. The plaintiff further stated that because neither the defendant nor his counsel served him with "any motions and or etc." he was seeking a default judgment under Rule 55 of the Federal Rules of Civil Procedure. On September 13, 2004, the Clerk's Office filed the letter as a Motion for Default Judgment.

By Order entered on September 28, 2004, the Court ordered the defendant to file any opposition to the plaintiff's Motion for Default Judgment within fourteen (14) days of entry of the Order.

On October 6, 2004, the plaintiff filed a Motion to Strike the defendant's Motion for Summary Judgment because he alleges he did not receive a copy of such Motion for Summary Judgment.



On October 12, 2004, the defendant filed Response to Motion for Default Judgment and Motion to Strike Defendant's Motion for Summary Judgment in which the defendant asserts that he filed an Answer to the complaint, and has not "failed to respond to any discovery requests, failed to participate in any pretrial conference, failed to appear at deposition, or failed to appear at trial, or taken any other act that would indicate that he is not actively defending this action." (Doc. #40 p. 3). The defendant further asserts that the plaintiff is basing his motion for default judgment on the allegation that he did not receive the defendant's Motion for Summary Judgment and accompanying brief. However, the defendant states that he served the motion on August 26, 2004, and the plaintiff signed for the motion at the Huttonsville Correctional Center ["HCC"] 4 days later. The defendant requests that the plaintiff's Motion for Default Judgment and Motion to Strike be denied.

Rule 55 of the Federal Rules of Civil Procedure addresses defaults. Specifically, Rule 55 provides in pertinent part:

> **(a) Entry.**
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> **(b) Judgment.**
> Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it

into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." New York Life Ins. Com v. Brown, 84 F. 3d 137, 141 (5th Cir. 1996)(footnote omitted).

"Although the clear policies of the Rules is to encourage disposition of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." United States v. Moradi, 673 F.2d 725, 727 (4th Cir.1982) (citations omitted).

In the instant case, the defendant has not failed to plead or otherwise respond. The defendant filed an Answer on June 7, 2004, and a Motion for Summary Judgment on August 30, 2004. While the plaintiff alleges that the defendant did not serve him with a copy of the Motion for Summary Judgment such is not grounds for finding the defendant in default. Moreover, the defendant provided the Court with the affidavit of Thomas Chenoweth, a correctional officer at the Huttonsville Correctional Center ["HCC"]. CO Chenoweth supervises the mail room at HCC, and manages the activities of the mail room clerks, and searches and distributes all incoming and outgoing mail. CO Chenoweth also stated that the plaintiff signed for a package from defense counsel on August 30, 2004. Further, by letter dated October 4, 2004, the plaintiff advised defense counsel that he had received a copy of his medical records but after going through all of his legal documents he could

3

not find a copy of the Motion for Summary Judgment. Thus, the defendant is clearly defending this suit and there is no basis for entry of default and default judgment.

Further, there is no basis to strike the Motion for Summary Judgment because the evidence reveals that the plaintiff was served with a copy of the Motion for Summary Judgment.

Consequently, the undersigned recommends that the plaintiff's Motion for Default Judgment and Motion to Strike be denied. It is further recommended that the plaintiff be given 30 days to file any response he has to the Motion for Summary Judgment.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send copies of this Report and Recommendation to the *pro se* plaintiff and counsel for the defendant.

Dated: ~~November~~ December 17, 2004

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE