# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM A. LARUE,**

    **Plaintiff,**

**v.**                                                   **Civil Action No. 2:04cv15**
                                                            **(Judge Maxwell)**

**DR. DAVID PROCTOR,**

    **Defendant.**

## REPORT AND RECOMMENDATION

## I. PROCEDURAL HISTORY

On March 3, 2004, the *pro se* plaintiff, William A. LaRue, filed a complaint pursuant to 42 U.S.C. §1983 against the defendant, Dr. David Proctor seeking the following relief: the loss of Dr. Proctor's license to practice medicine; 80 million dollars; a second opinion; release from custody of the state; and an operation paid for by Dr. Proctor.

After screening the plaintiff's complaint in accord with the local rules of this Court and in accord with the provisions of 28 U.S.C.§§ 1915(e)(2) and 1915A,[1] the undersigned concluded the

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i)  is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A which provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

facts as LaRue alleges were sufficient to prevent the complaint from being summarily dismissed. Thus, by Order entered on May 25, 2004, the undersigned Ordered the defendant to answer the complaint.

On August 30, 2004, counsel for the defendant filed a Motion for Summary Judgment in the above-styled case. Thereafter, on September 2, 2004, pursuant to Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), the Court issued an Order advising the plaintiff of his right to file counter-affidavits or other responsive material and of the fact that his failure to so respond might result in the entry of summary judgment against him.

On September 13, 2004, the Court received a letter from the plaintiff in which he stated that he had not received a copy of the defendant's Motion for Summary Judgment. The plaintiff further stated that because neither the defendant nor his counsel served him with "any motions and or etc." he was seeking a default judgment under Rule 55 of the Federal Rules of Civil Procedure. On September 13, 2004, the Clerk's Office filed the letter as a Motion for Default Judgment.

By Order entered on September 28, 2004, the Court ordered the defendant to file any opposition to the plaintiff's Motion for Default Judgment within fourteen (14) days of entry of the Order.

On October 6, 2004, the plaintiff filed a Motion to Strike the defendant's Motion for Summary Judgment because he allegedly did not receive a copy of such Motion for Summary Judgment. On October 12, 2004, the plaintiff filed Response to Motion for Default Judgment and Motion to Strike Defendant's Motion for Summary Judgment in which the defendant asserted that he filed an Answer to the complaint, and has not "failed to respond to any discovery requests, failed

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

2

to participate in any pretrial conference, failed to appear at deposition, or failed to appear at trial, or taken any other act that would indicate that he is not actively defending this action." (Doc. #40 p. 3). The defendant further asserted that the plaintiff is basing his motion for default judgment on the allegation that he did not receive the defendant's Motion for Summary Judgment and accompanying brief. However, the defendant states that he served the motion on August 26, 2004, and the plaintiff signed for the motion at the Huttonsville Correctional Center ["HCC"] 4 days later. The defendant requested that the plaintiff's Motion for Default Judgment and Motion to Strike be denied.

By Report and Recommendation entered on December 17, 2004, the undersigned recommended that the plaintiff's motion for default judgment and motion to strike the defendant's motion for summary judgment be denied because the record reveals that the plaintiff was served with a copy of the Motion for Summary Judgment. It was further recommended that the plaintiff be given 30 days to file any response he has to the Motion for Summary Judgment. On January 12, 2005, the plaintiff filed a motion to extend time to file objections to the Report and Recommendation. The plaintiff's request for an extension of time to file objections is still pending. Nonetheless, the plaintiff has not filed a response to the motion for summary judgment or objections to the Report and Recommendation.

## II. FACTS

The plaintiff asserts that since May 2003, he has been experiencing pain as a result of a softball size knot in his groin area. The plaintiff filed grievances regarding the treatment, or lack thereof, that he has received for his medical condition. According to the grievances, and other attachments to the plaintiff's complaint, the defendant initially stated that there was nothing wrong with the plaintiff, but he eventually diagnosed the plaintiff with a hernia. However, the defendant opined surgery was not necessary because it is "not a full fledged hernia." The defendant eventually gave the plaintiff a hernia belt. In a document titled Statement of Emotional Abuse and or

3

Emotional Distress from Defendant, the plaintiff asserts that it should not have taken the defendant a year to give him a hernia belt and that he should be compensated for the emotional strain that the defendant put him through. The plaintiff alleges he continues to have pain.

According to the medical records supplied by the defendant, the defendant evaluated the plaintiff on October 1, 2003, for a knot in his groin area and an ulcerated area on his penis. The defendant treated the ulcer and when it was not healing he referred the plaintiff to Dr. Domingo Chua, a urologist. Dr. Chua surgically removed the ulcer.

On January 9, 2004, the defendant examined the plaintiff and diagnosed an epididymis cyst on his scrotum. On January 30, 2004, the defendant examined the plaintiff for a hernia and determined that the plaintiff did not have a hernia. On February 25, 2004, the defendant re-evaluated the plaintiff for a hernia and found no evidence of a hernia and detected nothing abnormal. However, the defendant noticed weakness in a small area of the plaintiff's groin. Thus, he prescribed a truss, a supportive belt, that would prevent the development of a hernia. The defendant also evaluated the plaintiff on April 23, 2004, and June 11, 2004, and again determined that the plaintiff did not have a hernia.

### III. ANALYSIS

#### A. Standard of Review

From the text of Rule 56(c) of the Federal Rules of Civil Procedure, it is clear that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Motions for summary judgment impose a difficult standard on the moving party; for, it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).

"When a motion for summary judgment is made . . . an adverse party may not reset upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). As discussed below, the defendant's motion for summary judgment should be granted.

**B. The Evidence Reveals no Eighth Amendment Violation**

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).[2] A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment

---

[2]The cruel and unusual punishment clause of the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wilson v. Seiter, 501 U.S. 294 (1991).

violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988).[3] A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. Monmouth 834 F.2d at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. A prison official is not liable if he "knew the underlying facts but believed (albeit

---

[3] The following are examples of what does or does not constitute a serious injury. A rotator cuff injury is not a serious medical condition. Webb v. Prison Health Services, 1997 WL 298403 (D. Kan.1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. Veloz v. New York, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. Brice v. Virginia Beach Correctional Center, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. Browning v. Snead, 886 F. Supp. 547 (S.D. W. Va. 1995). And, arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. Finley v. Trent, 955 F. Supp. 642 (N.D. W.Va. 1997).

unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." Id. at 844. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990); Norris v. Detrick, 918 F.Supp. 977, 984 (N.D.W.Va.1996), aff'd, 108 F.3d 1373 (4th Cir.1997). Negligence or malpractice does not violate the Eighth Amendment. Estelle, 429 U.S. at 106.

In the instant case, the defendant has provided the Court with copies of the plaintiff's medical records and his affidavit. There is no evidence that the plaintiff has a serious medical need. The plaintiff has been examined by the defendant who has found no evidence of a hernia. Instead, the defendant determined that the plaintiff's knot was a benign four millimeter epididymis cyst. Further, the defendant opined that the plaintiff may "have mistaken a fatty area in the pubic region for a hernia." Additionally, the medical records reveal that the plaintiff was given pain medication for his complaints of pain.

Even if the plaintiff has a serious medical need, there is no evidence that the defendant has been deliberately indifferent to his serious medical need. The defendant examined the plaintiff on multiple occasions, and when the defendant determined that the plaintiff had some weakness in his groin area, the defendant proscribed a truss. There is no evidence that the defendant knows the plaintiff has a hernia and is just ignoring the plaintiff's condition. Moreover, the defendant referred the plaintiff to Dr. Chua regarding the ulcer on his penis. The defendant also treated the plaintiff for acid reflux disease and provided the plaintiff with a proper diet, antibiotics, and pain killers. Thus, there is no evidence that the defendant has been deliberately indifferent to the plaintiff's serious medical needs.

Because the plaintiff has submitted no evidence that he has a hernia which has been

untreated, there is no genuine issue of material fact, and the defendant's motion for summary judgment should be granted and the plaintiff's complaint should be dismissed.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the defendant's motion for summary judgement be GRANTED and the plaintiff's complaint be dismissed with prejudice because the defendant was not deliberately indifferent to the plaintiff's serious medical needs.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send copies of this Report and Recommendation to the *pro se* plaintiff and counsel for the defendant.

Dated: July 8th, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE