IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ENTERED
MAR 1 0 2006
U.S. DISTRICT COURT
ELKINS, WV 26241

WILLIAM A. LARUE,

    Plaintiff,

v.

Civil Action No. 2:04 CV 15
(Maxwell)

DR. DAVID PROCTOR,

    Defendant.

## ORDER

It will be recalled that, on March 3, 2004, *pro se* Plaintiff William A. LaRue, an inmate at Huttonsville Correctional Center in Huttonsville, West Virginia, filed the above-styled civil rights action pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John S. Kaull in accordance with Standing Order of Reference for Prisoner Litigation Filed Pursuant to 42 U.S.C. § 1983 (Standing Order No. 3). After conducting an initial screening and review, United States Magistrate Judge John S. Kaull concluded that the facts as alleged by the Plaintiff were sufficient to prevent his Complaint from being summarily dismissed, and, accordingly, by Order entered May 25, 2004, Ordered the Defendant to answer the Complaint.

In compliance with Magistrate Judge Kaull's May 25, 2004, Order, the Defendant's Answer was filed with the Court on June 7, 2004.

On August 30, 2004, a Motion for Summary Judgment and Memorandum In Support thereof were filed in the above-styled civil rights action by the Defendant. Thereafter, by Order entered September 2, 2004, the Court advised the Plaintiff of his right to file counter-affidavits or other responsive material and of the fact that his failure to so respond might result in the entry of summary judgment against him.

On September 13, 2004, the Court received a letter from the Plaintiff in which he stated that he had not received a copy of the Defendant's Motion for Summary Judgment. The Plaintiff further stated that, because neither the Defendant nor his counsel served him with "any motions and or etc.", he was seeking a default judgment under Rule 55 of the Federal Rules of Civil Procedure. On September 13, 2004, the Plaintiff's letter was filed by the Office of the Clerk of Court as a Motion for Default Judgment.

Thereafter, by Order entered September 28, 2004, the Court Ordered the Defendant to file any opposition to the Plaintiff's Motion for Default Judgment within fourteen days from the date of entry of said Order.

On October 6, 2004, the Plaintiff filed a Motion to Strike the Defendant's Motion for Summary Judgment wherein he alleged that striking said Motion was appropriate in light of the fact that he had not received a copy of the same.

On October 12, 2004, the Defendant filed a Response To Motion For Default Judgment And Motion To Strike Defendant's Motion For Summary Judgment wherein the Defendant asserted that the default judgment sought by the Plaintiff was inappropriate in light of the fact that he had filed an Answer to the Complaint and had not "failed to respond to any discovery requests, failed to participate in any pretrial conference, failed to appear at deposition, or failed to appear at trial, or taken any other act that would indicate that he is not actively defending this action." The Defendant further asserted that, although the Plaintiff was basing his Motion for Default Judgment on the allegation that he had not received the Defendant's Motion for Summary Judgment and accompanying brief, said Motion for Summary Judgment was served on August 26, 2004, and the Plaintiff signed for said Motion four days later at the Huttonsville Correctional Center.

On December 17, 2004, United States Magistrate Judge John S. Kaull issued a Report And Recommendation wherein he recommended that the Plaintiff's Motion for Default Judgment and Motion to Strike be denied and that the Plaintiff be given thirty days to file any response he might have to the Defendant's Motion for Summary Judgment.

In his Report And Recommendation, Magistrate Judge Kaull provided Mr. LaRue with ten days from the date he was served with a copy of said Report And Recommendation in which to file objections thereto and advised Mr. LaRue that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Report And Recommendation.

On January 12, 2005, the Court received a one-page, typewritten letter from the Plaintiff dated January 5, 2005, wherein the Plaintiff requested a ninety-day extension of time in which to file a response to Magistrate Judge Kaull's December 17, 2004, Report And Recommendation. In support of this request, Mr. LaRue advised the Court that his case was prepared while he was housed "on lock down status" and that, for this reason, he had not had the chance to fully prepare his case or to do his own legal research. Mr. LaRue's January 5, 2005, letter to the Court was docketed by the Clerk of Court as a Motion To Extend Time.

The Plaintiff's Motion To Extend Time was granted by Order entered September 30, 2005, and the Plaintiff was Ordered to file his response to Magistrate Judge Kaull's December 17, 2004, Report And Recommendation on or before November 30, 2005. The Court's review of the docket in the above-styled civil rights action reveals that, to date, the Plaintiff has not filed a response to Magistrate Judge Kaull's December 17, 2004, Report And Recommendation.

On July 11, 2005, a second Report And Recommendation was entered by United States Magistrate Judge John S. Kaull wherein he recommended that the Defendant's Motion for Summary Judgment be granted and that the Plaintiff's Complaint be dismissed, based on his determination that the Defendant had not been deliberately indifferent to the Plaintiff's serious medical needs.

In his July 11, 2005, Report And Recommendation, Magistrate Judge Kaull once again provided the Plaintiff with ten days from the date he was served with a copy of said Report And Recommendation in which to file objections thereto and advised the Plaintiff that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Report And Recommendation.

In light of the fact that the Court had granted the Plaintiff an extension of time up to and including November 30, 2005, in which to file objections to Magistrate Judge Kaull's December 17, 2004, Report And Recommendation, the Court's September 30, 2005, Order also granted the Plaintiff an extension of time up to and including November 30, 2005, in which to file objections to Magistrate Judge Kaull's July 11, 2005, Report And Recommendation. The Court's review of the docket in the above-styled civil rights action reveals that, to date, the Plaintiff has not filed any objections to Magistrate Judge Kaull's July 11, 2005, Report And Recommendation.

In light of the fact that no objections to either Magistrate Judge Kaull's December 17, 2004, Report And Recommendation or his July 11, 2005, Report And Recommendation have been filed, it appears to the Court that these matter are now ripe for review.

Upon consideration of Magistrate Judge Kaull's December 17, 2004, Report And Recommendation and Magistrate Judge Kaull's July 11, 2005, Report And

4

Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge John S. Kaull on December 17, 2004, be, and the same is hereby, **ACCEPTED** in whole and that the following Motions be, and the same are hereby, **DENIED**:

1. Plaintiff's Motion For Default Judgment (Docket No. 37); and
2. Plaintiff's Motion To Strike the Defendant's Motion for Summary Judgment (Docket No. 39).

It is further

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge John S. Kaull on July 11, 2005, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Defendant's Motion For Summary Judgment (Docket No. 33) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Plaintiff's Complaint be, and the same is hereby, **DISMISSED, WITH PREJUDICE**, and **STRICKEN** from the docket of this Court based on the Court's determination that the Defendant was not deliberately indifferent to the Plaintiff's serious medical needs.

---

[1] The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendant. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $250.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**ENTER:** March 10th, 2006

United States District Judge